# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| DIEDRE DIGIACOMO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 1:18-cv-163-GZS |
| | ) |
| KENNEBEC COUNTY, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ORDER ON MOTIONS IN LIMINE

Before the Court are three motions in limine: (1) Plaintiff's Motion in Limine & Motion for Sanctions (ECF No. 47); (2) Plaintiff's Motion in Limine to Exclude Testimony & Documents of Alleged Motion as an Affirmative Defense (ECF No. 48); and (3) Plaintiff's Motion to Exclude Hearsay from Defendants' Potential Trial Exhibits (ECF No. 49).

After initial review of these motions, the Court requested that counsel provide the proposed exhibits at issue for the Court's review. In response, Plaintiff provided the Court eight separate exhibits. (See ECF Nos. 61-1 through 61-8.) Defendants attached three exhibits to one response and an additional seven exhibits to another. (See ECF Nos. 59-1 through 59-3 & 60-1 through 60-7.) To clarify the evidentiary issues for trial, the Court first considers the legal arguments presented as to each presented exhibit and then discusses the remaining arguments in Plaintiff's Motions in Limine.

**I.     The Exhibits**

As to each of the exhibits discussed in this section, counsel shall list each exhibit on the Consolidated Exhibit List and include a reference to the ruling made below (e.g., "sustained by 7/25/19 Order" or "denied without prejudice by 7/25/19 Order").

**Statement of Officer Underwood, dated 7/20/14 (ECF Nos. 60-1 & 61-1)**

Plaintiff seeks exclusion of this document as hearsay. (See Pl. Mot. (ECF No. 49), PageID # 780.) Defendants respond that it "may be admissible" if they are able to lay a foundation for admission under F.R.E. 801(d)(2), 803(1), or 803(5). (Defs. Response (ECF No. 60), PageID # 1125.) On the available record, the Court DENIES WITHOUT PREJUDICE Plaintiff's request for exclusion. This pretrial ruling is made without prejudice to Plaintiff renewing her objection should Defendants attempt to offer the exhibit at trial.

**Statement of Officer Willhoite, dated 7/20/14 (ECF Nos. 60-2 & 61-1)**

Plaintiff seeks exclusion of this document as hearsay. (See Pl. Mot. (ECF No. 49), PageID # 780.) Defendants respond that it "may be admissible" if it is able to lay a foundation for admission under F.R.E. 801(d)(2), 803(1), 803(5) or seeks to admit it for its "effect on the listener." (Defs. Response (ECF No. 60), PageID # 1125.) On the available record, the Court DENIES WITHOUT PREJUDICE Plaintiff's request for exclusion. This pretrial ruling is made without prejudice to Plaintiff renewing her objection should Defendants attempt to offer the exhibit at trial.

**Memo from Sgt. Keith LaChance to Ssgt. Black, dated 7/15/14 (ECF No. 60-3 & 61-2)**

Plaintiff seeks exclusion of this document as hearsay. (See Pl. Mot. (ECF No. 49), PageID # 781.) Defendants respond that it may be able to lay a foundation for admission under F.R.E. 801(d)(2), 803(1), or 803(5). (Defs. Response (ECF No. 60), PageID # 1125.) On the available record, the Court DENIES WITHOUT PREJUDICE Plaintiff's request for exclusion. This pretrial

ruling is made without prejudice to Plaintiff renewing her objection should Defendants attempt to offer the exhibit at trial.

**Lt. Campbell's Notes on Officer Imperial re: 7/29/14 & 7/30/14 (ECF No. 60-4 & 61-3)[1]**

The Court construes Plaintiff's Motion as stating a hearsay objection to this exhibit. (See Pl. Mot. (ECF No. 49), PageID #s 781-82.) Defendants respond that it may be able to lay a foundation for admission under F.R.E. 801(d)(2), 803(1), or 803(5). (Defs. Response (ECF No. 60), PageID # 1125.) On the available record, the Court DENIES WITHOUT PREJUDICE Plaintiff's request for exclusion. This pretrial ruling is made without prejudice to Plaintiff renewing her objection should Defendants attempt to offer the exhibit at trial.

**Note created by Lt. Campbell on 7/30/15 regarding events of 7/30/14 (ECF No. 60-5 & 61-3)**

The Court construes Plaintiff's Motion as stating a hearsay objection to this exhibit. (See Pl. Mot. (ECF No. 49), PageID #s 781-82.) Defendants respond that it may be able to lay a foundation for admission under F.R.E. 801(d)(2), 803(1), or 803(5). (Defs. Response (ECF No. 60), PageID # 1125.) On the available record, the Court DENIES WITHOUT PREJUDICE Plaintiff's request for exclusion. This pretrial ruling is made without prejudice to Plaintiff renewing her objection should Defendants attempt to offer the exhibit at trial.

**Statement of Cpl. Jillian St. Pierre, dated 1/28/15 (ECF No. 60-6 & 61-4)**

The Court construes Plaintiff's Motion as seeking exclusion under F.R.E. 403 and additionally arguing that the document "cannot be a present sense impression" admissible under F.R.E. 803(1). (Pl. Mot. (ECF No. 49), PageID # 782.) Defendants respond that they may lay a foundation for admission under F.R.E. 801(d)(2), 803(1), 803(5) or seek to admit it for its "effect on the listener." (Defs. Response (ECF No. 60), PageID # 1126.) On the available record, the

---

[1] The Court notes that the version of this exhibit provided by Defendants (ECF No. 60-4) is undated whereas Plaintiff's version (ECF No. 61-3) appears to be the same notes in the form of a 3/24/15 email to Terry York.

3

Court DENIES WITHOUT PREJUDICE Plaintiff's pretrial request for exclusion. This pretrial ruling is made without prejudice to Plaintiff renewing her objection should Defendants attempt to offer the exhibit at trial.

**Statement of Sgt. Peabody, dated 3/12/15 (ECF No. 61-5)**

Plaintiff seeks exclusion of this document as hearsay. (See Pl. Mot. (ECF No. 49), PageID # 782.) In response, Defendants acknowledge that "this statement is hearsay and they are unlikely to be able to present a foundation for admission." (Defs. Response (ECF No. 60), PageID # 1126.) Therefore, the Court SUSTAINS Plaintiff's objection and excludes this proposed exhibit from evidence.

**Report by Lt. Callie Campbell regarding incident on 07/01/15 (ECF No. 61-6) / Report by Lt. Callie Campbell regarding actions between 3/24/15 and 05/15/15 (ECF No. 59-2)[2]**

The Court construes Plaintiff's Motion in Limine as seeking exclusion of these reports under the hearsay rules. (See Pl. Mots. (ECF Nos. 48 & 49), PageID #s 771 & 783-84.) Defendants respond that these reports are admissible to the extent they contain statements of Plaintiff, citing F.R.E. 801(d)(2). Defendants also invoke F.R.E. 803(1) & (5) as a basis for admission and indicate they may offer these exhibits for the "effect on the listener" rather than for the truth of the matter asserted. (See Defs. Response (ECF No. 60), PageID # 1126.) Having reviewed both documents, the Court DENIES WITHOUT PREJUDICE Plaintiff's pretrial request for exclusion. However, this pretrial ruling is made without prejudice to Plaintiff renewing her objection should Defendants attempt to offer these exhibits at trial.

---

[2] The Court notes some apparent confusions as to which Calista Campbell Report is the subject of Plaintiff's Motion (ECF No. 48). The Court construes the objection as applying to both of the Campbell reports that have been provided to the Court.

**Memorandum from Cpl. Gardner to Ssgt. Black, dated 4/0715 (ECF Nos. 60-7 & 61-7)**

The Court construes Plaintiff's Motion as seeking exclusion under F.R.E. 403 and additionally arguing that the document is "not a present sense impression" that may not be admitted under F.R.E. 803(1). (Pl. Mot. (ECF No. 49), PageID # 784-85.) Defendants respond that the memorandum "may be admissible" under F.R.E. 801(d)(2) or 803(5) or that it may offer this exhibit for the "effect on the listener" rather than for the truth of the matter asserted. (See Defs. Response (ECF No. 60), PageID # 1127.) On the available record, the Court DENIES WITHOUT PREJUDICE Plaintiff's pretrial request for exclusion. This pretrial ruling is made without prejudice to Plaintiff renewing her objection should Defendants attempt to offer the exhibit at trial.

**Statement of Sgt. Jillian St. Pierre, undated (ECF Nos. 59-1 & 61-8)**

The Court construes Plaintiff's Motion in Limine as seeking exclusion of this undated document under the hearsay rules and Rule 403. (See Pl. Mot. (ECF No. 48), PageID # 769-70.) In response, Defendants do not object to exclusion of this document and admit it is "likely inadmissible." (See Defs. Response (ECF No. 59), PageID # 1113 & Defs. Response (ECF No. 60), PageID # 1127.) As a result, Plaintiff's objection is SUSTAINED. No party shall seek to admit this document without seeking reconsideration of this ruling outside the hearing of the jury.

**Report by Det. Bourque, dated 6/28/19 (ECF No. 59-3)**

Plaintiff represents that this statement was first produced by Defendants on July 11, 2019. She seeks exclusion as a sanction under Federal Rule of Civil Procedure 37(c)(1). (See Pl. Mots. (ECF No. 47 & 48), PageID #s 733-37 & 772-73.) Defendants respond that they "do not object to excluding the Bourque report from evidence during their case-in-chief, but reserve the right to utilize the report should it otherwise appear relevant and admissible . . . ." (Defs. Response (ECF No. 59), PageID # 1115.) Given this concession, Plaintiff's objection is SUSTAINED. However, this ruling is subject to reconsideration if Defendants seek to proffer a foundation for admitting

the document based on the record developed at trial. Any such proffer shall take place outside the hearing of the jury.

## II. Other Issues Raised in Plaintiffs' Motions in Limine

**Testimony of Kelly Greene**

Relatedly, Plaintiff seeks to exclude the testimony of Kelly Greene. (See Pl. Mots. (ECF Nos. 47 & 48), PageID #s 734-39 & 772-73.) Based on the record currently before the Court, the Court finds that the County Administrator for Kennebec County first learned that Kelly Greene might have relevant information pertaining to the defense of this matter on June 26, 2019. (See Devlin Aff. (ECF No. 58-1), PageID # 1110.) This information was subsequently provided to Defense counsel on June 28, 2019. (See id.) Defendants' counsel supplemented the discovery responses to include Ms. Greene as a witness by letter dated July 9, 2019.[3] (See Pl. Ex. 2 (ECF No. 47-2), PageID# 743.) Notably, discovery in this matter closed on March 2, 2018.

With respect to the substance of Ms. Greene's testimony, it appears she would testify that she knew and spoke with Plaintiff when she worked for Kennebec County. Greene recalls a conversation less than a year after Plaintiff was working for Kennebec County in which DiGiacomo stated that "she wasn't happy about how she was being treated because she was a lesbian" and would "take them for all they are worth." (Report by Det. Bourque, dated 6/28/19 (ECF No. 59-3), PageID # 1123.) Greene would also describe DiGiacomo as litigious. (See id.)

Plaintiff argues that Ms. Greene should be excluded as a witness under Federal Rule of Civil Procedure 37(c)(1) and also that her testimony is subject to exclusion under F.R.E. 402 & 403. Notably, Jillian St. Pierre and George Greene, both of whom were aware of Kelly Greene's

---

[3] As noted in this letter, defense counsel had made on "informal disclosure" on July 2, 2019. Pl. Ex. 2 (ECF No. 47-2), PageID # 743.

6

proffered testimony, were apparently employees of Kennebec County during the discovery period. Nonetheless, this information was not brought forward until the County started notifying employees of potential trial dates, which was well over a year after the extended discovery period was complete. As a result, Kelly Greene has not been deposed and was not listed as one of the twenty-three potential witnesses in Defendants' Final Pretrial Memorandum (ECF No. 35). On the record presented, the Court declines to find that Defendants' failure to identify Kelly Greene prior to July 2019 is substantially justified or harmless. Additionally, the Court is concerned that Ms. Greene's testimony might also be subject to exclusion under F.R.E. 403. However, the Court is unable to weigh the probative value of her testimony against the other Rule 403 factors until trial. Given the belated discovery and disclosure, along with the potential that Greene's testimony will be confusing and/or cumulative, the Court preliminarily will EXCLUDE testimony of Kelly Greene from Defendants' case-in-chief.

There is one caveat to this preliminary ruling: Defendant is not obligated to disclose witnesses that are to be used "solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i) & (3)(A). Thus, if as a result of the testimony received at trial, Defendants proffer that they wish to present the testimony of Kelly Greene to impeach the testimony already received from another witness, the Court will consider that argument. However, Defendants are instructed to seek permission to make such a proffer outside the hearing of the jury and shall not reference the proposed testimony of Kelly Greene in any opening statement.

**Request for Sanctions Other Than Exclusion**

To the extent Plaintiff's Motion for Sanctions (ECF No. 47) seeks expenses or other remedies, the Court RESERVES RULING on those requests and will revisit this issue after the presentation of evidence is complete. With respect to Plaintiff's specific request to inform the jury

pursuant to Rule 37(c)(1)(B), Plaintiff's counsel shall submit a proposed jury instruction for the Court's consideration if she wishes to pursue this particular remedy.

**Motive as an Affirmative Defense**

Beyond the specific document and testimony objections already discussed, the Court understands Plaintiff to also argue that any evidence or argument that DiGiacomo "sought employment with Kennebec County for purposes of establishing claims against" Kennebec County or that she "has engaged in many lawsuits" should be excluded. (Pl. Mot. (ECF No. 48), PageID # 763-64.) Defendants proffer that "there is evidence that Plaintiff has a plan to sue the jail early in her employment," which is relevant to her motivation and credibility. (Defs. Response (ECF No. 59), PageID # 1115.) To the extent Plaintiff argues that motive is affirmative defense, this argument is without merit. In short, Defendant is entitled to challenge Plaintiff's credibility and motive as part of their defense in this matter. To the extent Plaintiff seeks a blanket exclusion of this type of evidence invoking F.R.E. 402 & 403, that objection is OVERRULED. This pretrial ruling is made without prejudice to Plaintiff renewing specific objections at the appropriate time during trial.

**III. Conclusion**

As just explained, the Court GRANTS IN PART & RESERVES RULING IN PART on Plaintiff's Motion in Limine & Motion for Sanctions (ECF No. 47); DENIES Plaintiff's Motion in Limine to Exclude Testimony & Documents of Alleged Motion as an Affirmative Defense (ECF No. 48); and GRANTS IN PART & DENIES IN PART Plaintiff's Motion to Exclude Hearsay from Defendants' Potential Trial Exhibits (ECF No. 49).

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 25th day of July, 2019.