UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DIEDRE DIGIACOMO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 1:18-cv-163-GZS |
| | ) |
| KENNEBEC COUNTY, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

**REPORT OF CONFERENCE & TRIAL MANAGEMENT ORDER**

On July 17, 2019, the Court held a conference of counsel in preparation for an upcoming jury trial in this matter to be held in Bangor. Following that conference, counsel conferred and filed a joint statement allocating trial time (ECF No. 55). Based on the issues discussed at the conference and the Court's review of the post-conference filings to date, the Court now issues this Order to aid counsel in their final preparations for trial:

1. **Schedule & Allotment of Time**

Jury selection will proceed on August 6, 2019 at 8:30 AM. The Court anticipates holding a brief conference of counsel before jury selection to discuss the Court's additional voir dire questions based on the parties proposed supplemental voir dire. The precise timing of that conference will be set once the Clerk's Office has finalized the cases that remain for jury selection. Counsel shall be prepared for the possibility that this conference may be scheduled for as early as 8:15 AM.

Trial will commence on Thursday, August 15, 2019, at 8:30 AM. In an effort to complete the presentation of evidence within 5 days, the trial day will be 8:30 AM to 3 PM with two fifteen-minute breaks at approximately 10:30 AM and 12:45 PM.

Each side will have 30 minutes to give an opening statement. The Court will provide a five-minute warning and a one-minute warning.

Pursuant to the parties' agreement, Plaintiff shall conclude the presentation of her case-in-chief by noon on Monday, August 19, 2019. Defendants shall be prepared to begin their presentation as soon as Plaintiff rests and shall conclude the presentation of their case-in-chief no later than 3 PM on Wednesday, August 21, 2019. The Court expects that the case will be sent to the jury for deliberation no later than noon on Thursday, August 22, 2019.

As discussed at the conference, the Court expects counsel to stick to this schedule by ensuring they have ample witnesses present to fill the allotted trial day. By August 14th, Plaintiff's counsel shall provide Defendants' counsel the names of the witnesses she intends to call on the first day of trial. Thereafter, by the end of each trial day, counsel shall inform opposing counsel of the witnesses that will be called the following day.

**2. Case Caption**

The Court notes that in recent filings both sides have continued to list individual Defendants who have been terminated in the case. To avoid any juror confusion, counsel shall amend their caption in further filings to reflect that Kennebec County is the remaining Defendant in this matter.[1] If counsel disagrees and believes that more than one defendant remains for trial, they shall file an objection with supporting memorandum no later than August 1, 2019.

---

[1] See 3/19/19 Order on Defs. Motion (ECF No. 26), PageID #s 655-57 & n.5.

### 3. Consolidated Exhibit List

The deadline for filing the Consolidated Exhibit List remains August 9, 2019. Counsel are reminded that the existence of an anticipated objection to a particular exhibit must be listed on the Consolidated Exhibit List. Failure to note a valid basis for objection on the exhibit list may be deemed a waiver of the objection and result in admission of the exhibit.

Counsel shall also ensure that the Consolidated Exhibit List references any pretrial rulings made on motions in limine.

Counsel shall request a conference outside the hearing of the jury before attempting to use any exhibit not listed on the to-be-filed consolidated exhibit list.

### 4. Juror Notebooks

Any objection to the contents of the juror notebooks must be filed by August 12, 2019.

### 5. Stipulations

Counsel shall submit stipulations reached before trial as a written exhibit that can be received into evidence without objection and then read to the jury.

### 6. Deposition Designations

Counsel shall prepare a copy of the transcript that contains only the designated deposition testimony that will be read at trial. These transcripts will be marked as exhibits if the deposition designation is read at trial, but will not be admitted.

Because the standard practice of this Court is to not have the court reporter transcribe testimony that has already been transcribed, Counsel are advised that these marked deposition designations will be the only record of what deposition testimony was read at trial.

### 7. Warning as to Witness Deborah Huard

The Court notes that Plaintiff has listed Deborah Huard as a witness she expects to call at trial. Counsel are not to raise the issue of Ms. Huard's related case or the settlement of that case in front of the jury without Court approval, which shall be obtained via a conference or sidebar outside the hearing of the jury. Plaintiff's counsel shall instruct Ms. Huard as to this restriction prior to her being called to the witness stand.

### 8. Trial Procedures & Courtroom Etiquette

**Be on time.** Start times will be enforced. The Court will begin the day and resume proceedings after breaks without counsel, if necessary.

**Follow established principles for opening statements and closing arguments.** As noted at the conference, counsel are specifically reminded to avoid argumentative opening statements. A summary of all applicable principles is available on the District of Maine website: https://www.med.uscourts.gov/pdf/OpeningAndClosing.pdf

**Be trained and prepared to use any courtroom technology.** To the extent any counsel is not familiar with how to use the evidence presentation equipment available in the courtroom where this trial will be held, it is counsel's responsibility to arrange for training and ensure the compatibility of their training and equipment with the courtroom's capabilities. The Court will not take recesses due to any audio-visual equipment issues if the Court determines the issues are the result of counsel's lack of training and/or preparation.

**Use the podium.** Counsel shall use the podium for opening statements and closing arguments. Do not approach the jury box. Ask permission before approaching a witness.

**Witnesses shall be sequestered.** Counsel agreed at the conference to sequester witnesses. It is counsel's responsibility to explain the sequestration requirement to their witnesses and ensure that sequestered witnesses are not in the courtroom until after the witness has been excused finally.

**No speaking objections.** When making an objection, counsel shall stand, state "Objection" and the basis for that objection (e.g., "Hearsay" or "Rule 403"). Counsel shall await direction from the Court before further arguing any objection. The Court will attempt to keep sidebar conferences to a minimum and counsel are encouraged to raise issues that must be heard outside the presence of the jury at the beginning and end of the trial day and/or during jury recesses.

**One attorney per witness.** If either side has multiple counsel at trial, it shall designate one attorney per witness. The designated attorney shall be responsible for not only examination of the witness but also all objections and speaking on behalf of that party at any sidebar related to that witness. While the designated attorney for any witness is free to confer with co-counsel, the Court will not allow more than one attorney per party to speak in connection with a single witness.

Counsel are encouraged to confer to further streamline the trial to the extent possible. If issues remain after conferring with opposing counsel, counsel are encouraged to contact the Clerk's Office to request an additional trial management conference prior to August 15, 2019.

**Counsel are advised that an unjustified failure to comply with the foregoing requirements can have serious consequences to a litigant's position at trial. Specifically, the Court may refuse to admit exhibits or testimony, or impose other appropriate sanctions where noncompliance is found by the Court to have caused undue delay or prejudice.**

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 25th day of July, 2019.